Filed 7/26/16  P. v. London CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C074615 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF99-381) |
| v. | |
| MICHAEL EUGENE LONDON, | |
| Defendant and Appellant. | |

Defendant Michael Eugene London appeals from the trial court's order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126, "the Act").[1]  He contends his current conviction of being a felon in

---

[1] Undesignated references to sections are to the Penal Code.

1

possession of a firearm should not disqualify him from being resentenced. We disagree and affirm the order.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

We quote our opinion on the underlying conviction for a statement of facts. "At approximately 8:45 p.m. on August 6, 1999, Sheriff's Lieutenant Alan Long and Reserve Deputy Robert Hess were dispatched to the Vinboy Trailer Park to arrest defendant on an outstanding felony arrest warrant. On their way to the trailer park, the officers were advised defendant's truck had been seen leaving the trailer park, heading down Third Avenue. Between 9:00 p.m. and 9:15 p.m., the officers located the truck on Third Avenue, recognized the driver as defendant, and parked behind the truck.

"The officers got out of their marked patrol car as defendant got out of his truck, leaving his hands inside the truck. As defendant appeared to be doing something with his hands inside the truck and the officers could not see his hands, they drew their guns and ordered defendant to show his hands. Defendant did not comply. The officers repeatedly directed defendant to take his hands out of the truck, to no avail. Defendant repeatedly asserted he had not done anything, and the officers then advised him they had a felony warrant for his arrest.

"As the officers moved toward defendant, defendant began to back away from them and then ran down Third Avenue. Defendant ignored their demands to 'stop.' After a chase, defendant was apprehended. Deputy Hess conducted a pat-down search and found 13 live .22-caliber rifle shells in defendant's pants pocket.

"An inventory search of defendant's truck revealed a handgun, 10 rounds of .22-caliber ammunition, and an empty box for .22-caliber ammunition. The handgun was in plain sight, on the driver's side floorboard about two inches from the door. It was loaded

---

[2]    The order is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

with seven live .22-caliber rounds and two expended casings.  The ammunition was scattered across the seat." (*People v. London* (Dec. 20, 2001, C035989) [nonpub. opn.].)

On May 24, 2000, a jury found defendant guilty of being a felon in possession of a firearm (former § 12021, subd. (a)(1), renumbered § 29800, subd. (a)(1)) and being a felon in possession of ammunition (§ 12316, subd. (b)(1), renumbered § 30305, subd. (a)(1)).  The trial court found true allegations that defendant had two prior serious felony convictions (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c)) and had served five prior prison terms (§ 667.5, subd. (b)).  The court sentenced defendant to a prison term of 25 years to life, plus five years for the prior prison term counts.

On May 29, 2013, defendant filed a petition to recall his sentence under the Act The trial court denied the petition, ruling defendant's conviction for possessing a firearm rendered him ineligible for resentencing.

## DISCUSSION

Sections 1170.126, subdivision (e)(2), and 667, subdivision (e)(2)(C)(iii), operate as an exception to resentencing a third striker to a second strike sentence for a current offense that is a nonserious/nonviolent felony.  Under these provisions, an inmate is ineligible for resentencing if, "[d]uring the commission of the current offense," the defendant "used" or was "armed with a firearm."  (§ 667, subd. (e)(2)(C)(iii).)

Defendant contends he could have been armed for purposes of the Act only if the prosecutor pleaded and proved an arming allegation beyond a reasonable doubt at trial. He also argues that the applicable statutory language suggests the arming exclusion does not apply to possession offenses because the possession must be " 'tethered' " and have some " 'facilitative nexus' " to a separate felony offense.  A number of districts of the Court of Appeal, including this one, have rejected both arguments since briefing was completed in this case.  (*People v. White* (2016) 243 Cal.App.4th 1354 (*White*); *People v. Hicks* (2014) 231 Cal.App.4th 275; *People v. Elder* (2014) 227 Cal.App.4th 1308; *People*

3

*v. Blakely* (2014) 225 Cal.App.4th 1042; *People v. Osuna* (2014) 225 Cal.App.4th 1020.) We reject defendant's arguments for the same reasons set forth in those cases.

First, the Act does not require the prosecution to prove the exception at trial. "Under the *prospective* part of the Act [that applies to convictions occurring after the Act became effective], a defendant whose third strike is not a serious or violent felony shall receive a second strike sentence 'unless the prosecution pleads and proves' any of the four exceptions. ([] §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) In contrast, under the *retrospective* part of the Act [which is the part at issue here], after a defendant petitions for resentencing, 'the court shall determine' if any of the exceptions apply. ([] § 1170.126, subd. (f).) One of the exceptions is if the defendant 'used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury' in the commission of the current offense. ([] § 1170.12, subd. (c)(2)(C)(iii).) By its terms, the Act does not require a jury finding establishing this exception when a prisoner is seeking resentencing pursuant to the retrospective part of the Act; the court must simply 'determine' whether the exception applies." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1298, fn. 21.)

Contrary to defendant's argument, the Act's authorizing the trial court to determine whether the exception applies does not violate his right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435]. "[T]here is no constitutional violation in considering facts not decided by a jury at a postconviction proceeding pursuant to section 1170.126." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1334.)

Second, possessing a firearm may qualify as being armed with a firearm for purposes of the Act. *White* addresses this point well: "Defendant . . . argues that his original conviction, being for a 'possessory' offense, cannot support a finding he was armed during its commission. We disagree. Defendant's argument is based largely on language in *People v. Bland*[ (1995)] 10 Cal.4th 991, 1002 (*Bland*), which explains why

4

the sentence enhancement that applies when a defendant is found to be armed '*in* the commission' of an offense (§ 12022, subd. (a)(1), italics added) requires not only that that the arming happen 'during' the commission, but also that it have a ' "facilitative nexus" ' to the commission of the offense.  [Citation.]  As defendant points out, being armed with a firearm does not *facilitate* the felony of merely possessing one.  [Citation.]

"However, that analysis is based specifically on the language of the arming enhancement, which is different from the language used to limit eligibility for relief under section 1170.126, subdivision (e)(2).  Whereas the arming enhancement uses the phrase 'armed with a firearm *in the commission* of a felony' (§ 12022, subd. (a)(1), italics added), subdivision (e)(2) of section 1170.126 incorporates by reference the phrase "[*d*]*uring* the commission of the current offense.'  ([Citations], italics added.)  While the former phrase, as explained in *Bland,* means the arming not only must occur *during* the commission of the felony, but must *also* facilitate it—the latter phrase specifically requires only that the arming occur *during* the commission.  That states a different rule which would not exclude possessory offenses as a basis for finding a defendant was armed for purposes of determining eligibility for resentencing relief under section 1170.126." (*White, supra,* 243 Cal.App.4th at pp. 1362-1363, italics added.)

Sufficient evidence in the record demonstrates defendant was armed during the commission of the current offense for purposes of the Act.  " 'Armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, ether offensively or defensively.  [Citations.]" (*People v. Blakely, supra,* 225 Cal.App.4th at pp. 1051-1052.)  Defendant had his gun available for use.  When officers approached him, defendant was standing outside his truck doing something with his hands inside his truck.  He refused to comply with the officers' demands to show his hands, and then ran away as they approached him.  Officers discovered a handgun, in plain sight, on the driver's side floorboard of his truck about two inches from the door.  The gun was loaded with .22-caliber rounds.  Other .22-caliber rounds were scattered

across the truck's seat.  Officers also discovered live .22-caliber rounds on defendant. These facts show defendant was armed during the commission of his current felony, and thus is ineligible to have his sentenced recalled.

## DISPOSITION

The order denying recall of defendant's sentence is affirmed.


                             NICHOLSON      , J.


We concur:


      RAYE             , P. J.


      HOCH            , J.