Filed 8/17/16  P. v. Fontenot CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKY KAMERICA FONTENOT,<br><br>    Defendant and Appellant. | B267335<br><br>(Los Angeles County<br>Super. Ct. No. YA021199) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthew and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ricky Kamerica Fortenot (defendant) appeals from the denial of his Proposition 36 petition for recall of his third-strike sentence and for resentencing as a second-strike offender. He contends that the trial court erred in finding that he was ineligible for relief, and in basing its ruling on an incomplete definition of "armed." Finding no merit to defendant's contentions, we affirm the judgment.

## BACKGROUND

In 1995, defendant was convicted of being a felon in possession of a firearm, in violation of former Penal Code section 12021, subdivision (a)(1).[1] In addition, the court found true the allegations that defendant had suffered two prior serious or violent felonies, which had been alleged in the information as prison enhancements pursuant to section 667.5, subdivision (b), as well as strikes under the "Three Strikes" law (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d)). The trial court sentenced defendant to an indeterminate third-strike term of 25 years to life in prison, plus two years due to the prior prison terms.

In 2013, defendant filed a petition for recall of sentence in the trial court pursuant to section 1170.1206 (Proposition 36), and the prosecution opposed the petition. Following a hearing, the trial court found that because defendant had been armed with a firearm during the commission of the crime, he was statutorily ineligible for recall and resentencing. The court thus denied the petition.

Defendant filed a timely notice of appeal from the order denying his petition.

## DISCUSSION

Defendant challenges the trial court's finding that he was "armed" during the commission of the crime of felon in possession of a firearm, and thus ineligible for resentencing under Proposition 36. Under Proposition 36, an inmate serving an indeterminate third-strike term for a crime that is not a serious or violent felony may petition for resentencing to a second-strike term, unless his third-strike offense comes

---

[1] See now, section 29800, subdivision (a). (Stats. 2010, ch. 711, § 6.) All further statutory references are to the Penal Code.

within one of the exceptions to eligibility. (§ 1170.126, subd. (e); *People v. White* (2014) 223 Cal.App.4th 512, 522.) As relevant here, one of those exceptions applies when "[d]uring the commission of the current offense . . . [the defendant] was armed with a firearm . . . ." (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2).)

A felon "who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony." (§ 29800, subd. (a)(1).) "[A] person convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing by virtue of that conviction." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048 (*Blakely*).) To render a defendant ineligible for resentencing, it must appear from the record that the felon in possession of a firearm was also "armed with a firearm" at the time. (*Id.* at pp. 1052.) "A defendant is *armed* if the defendant has the . . . weapon available for use, either offensively or defensively. [Citations.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) [construing firearm enhancement, § 12022]; see also *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).)

To determine eligibility, the court may review all relevant, reliable, admissible facts in the record of conviction (*Blakely*, *supra*, 225 Cal.App.4th at p. 1049), including the appellate opinion affirming the defendant's conviction. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 286 (*Hicks*); see *People v. Woodell* (1998) 17 Cal.4th 448, 456.) In this case, the trial court had before it the clerk's and reporter's transcripts on appeal, as well as this court's opinion affirming defendant's conviction. At trial, Deputy Sheriff Jeff Moore testified that while on patrol with his partner, he illuminated the interior of a parked pickup truck, and saw defendant in the passenger seat with another man in the driver's seat. The occupants appeared startled, and then the driver placed a handgun on the seat, while defendant reached down between his knees and placed a dark object under the seat. The deputies detained defendant and the driver, recovered the driver's gun from the seat, and retrieved the only object under the passenger seat, a loaded semiautomatic handgun. As summarized in the appellate opinion, "the evidence established that on September 18, 1994, upon noticing sheriff's deputies as appellant was sitting as a

3

passenger in a pickup truck, appellant placed a loaded gun under his seat. He had previously been convicted of a felony."[2]

As defendant had a loaded firearm in his hand or within his reach, the firearm was "readily available to him for offensive or defensive use"; thus defendant was "armed" during the time that he was committing the crime of being a felon in possession of a firearm, and ineligible for resentencing. (*Osuna, supra*, 225 Cal.App.4th at p. 1030; see also *People v. White* (2016) 243 Cal.App.4th 1354, 1359; *Hicks, supra*, 231 Cal.App.4th at pp. 284-285; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 792-793; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317; see *Blakely, supra*, 225 Cal.App.4th at p. 1054.)

Although defendant has not cited any contradicting authority, he contends that all of the above cited appellate court cases were wrongly decided. Defendant points out that the term "armed" was judicially construed in *Bland* long before the passage of Proposition 36, and argues that we should thus apply it equally to the term as used in section 1170.12, subdivision (c)(2)(C)(iii).[3] Although we did, in fact, apply the *Bland* definition in our analysis above, defendant contends that "available for use, either offensively or defensively" is just half of the *Bland* definition. Defendant contends that we must also apply the "facilitative nexus" test adopted in *Bland*, which defendant construes as a requiring evidence that the weapon was available in order to facilitate the commission of an offense separate from the underlying felony, the possession of the firearm in this case.

Defendant has misconstrued *Bland's* facilitative nexus test. There is no language in *Bland* suggesting that the facilitative nexus test was meant for use in defining "armed" for all purposes, or even beyond the facts of that case. The California Supreme Court used the facilitative nexus test to assist in determining, under the facts presented there,

---

**2** See *People v. Fontenot* (Oct. 1, 1996, B095765) [nonpub. opn.].

**3** Like the Legislature, the electorate is deemed to be aware of existing laws and judicial constructions and to have intended identical language in subsequent amendments and enactments to have the same meaning as previously judicially construed. (*People v. Weidert* (1985) 39 Cal.3d 836, 845-846.)

4

whether the defendant's sentence should be enhanced under section 12022, subdivision (a).[4] (*Bland, supra*, 10 Cal.4th at p. 1002; see *People v. Pitto* (2008) 43 Cal.4th 228, 239-240.) The court described the issue as follows: "[I]s a defendant convicted of a possessory drug offense subject to this 'arming' enhancement when the defendant possesses both drugs and a gun, and keeps them together, but is not present when the police seize them from the defendant's house?" (*Bland*, at p. 995.)

Answering the question in the affirmative, the *Bland* court explained its conclusion by referring to the facilitative nexus test, which it defined as keeping "the weapon close at hand for 'ready access' to aid in the drug offense." (*Bland, supra*, 10 Cal.4th at p. 1002.)[5] As later clarified by our high court, a facilitative nexus merely means that a defendant who has been convicted of a drug offense, but who is not in actual possession of a firearm, nevertheless knew that the gun and drugs were in close proximity to each other, and had consciously placed them together, such that the weapon would be readily at hand should the defendant choose to use it to facilitate the perpetration of his drug crimes. (*People v. Pitto, supra*, 43 Cal.4th at pp. 239-240.) This clarification of facilitative nexus makes clear that the test may be helpful to define "armed" only when the defendant is not near his firearm when arrested for the underlying felony.[6]

---

[4] Section 12022, subdivision (a)(1), provides that "a person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . ."

[5] The test does not impose an intent requirement. (*Bland, supra*, at pp. 1002-1003 & fn. 5.)

[6] Defendant goes to great lengths to refute the explanation in *Osuna, supra*, 225 Cal.App.4th at page 1032, and *Hicks, supra*, 231 Cal.App.4th at page 284, that being armed during the commission of the current offense, "requires a temporal nexus between the arming and the underlying felony, not a facilitative one." As we conclude that *Bland's* facilitative nexus test is altogether inapplicable here, there is no need to comment on those cases.

Defendant argues in essence that without the facilitative nexus test, a felon in possession of a firearm would always be found to be armed simply because he is in possession of a firearm, and that all weapons offenses would thus be ineligible for resentencing under Proposition 36.  We reject the premise underlying defendant's arguments that "armed" with a firearm is synonymous with simple possession of a firearm.  The two concepts are not synonymous.  (*Blakely, supra*, 225 Cal.App.4th at p. 1050.)  If defendant had left his gun at home in this case, he could still be convicted of violating former section 12021, as guilt could be premised on mere constructive possession, which means that "'the weapon is . . . not in his actual possession, [but] nonetheless under his dominion and control, either directly or through others. [Citations.]' [Citation.]" (*Osuna, supra*, 225 Cal.App.4th at p. 1029, quoting *People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084.)  "For example, suppose a parolee's residence (in which only he lives) is searched and a firearm is found next to his bed.  The parolee is in possession of the firearm, because it is under his dominion and control.  If he is not home at the time, however, he is not armed with the firearm, because it is not readily available to him for offensive or defensive use." (*Blakely, supra*, at p. 1052.)  Such a defendant would be eligible for Proposition 36 relief.  (*Ibid*.)  In such a case, the facilitative nexus test would be unnecessary to conclude he was not "armed" within the meaning of sections 1170.12, subdivision (c)(2)(C)(iii), and 667, subdivision (e)(2)(C)(iii), and thus eligible for relief under section 1170.126, subdivision (e)(2).

We do not need the facilitative nexus test here as defendant did not leave his firearm at home or elsewhere.  A firearm cannot be *available* for use when it is merely in the defendant's constructive possession.  (See *Osuna, supra*, 225 Cal.App.4th at p. 1030; *People v. White, supra*, 243 Cal.App.4th at p. 1359; *Hicks, supra*, 231 Cal.App.4th at pp. 284-285; *People v. Brimmer, supra*, 230 Cal.App.4th at pp. 792-793; *People v. Elder, supra*, 227 Cal.App.4th at p. 1317; *Blakely, supra*, 225 Cal.App.4th at p. 1052.)  Here, not only was defendant near his gun when arrested, he held the gun in his hand when he placed it under the seat, within easy reach or *available* for use.

6

In sum, a defendant convicted of violating former section 12021 or section 29800, subdivision (a), is excluded from Proposition 36 relief if he was in actual possession of a firearm which was "available for use, either offensively or defensively." (*Blakely, supra*, 225 Cal.App.4th at p. 1054.) This rule of ineligibility reflects the electorate's clear intent to reduce the sentences only for third strike offenders "who were perceived as nondangerous or posing little or no risk to the public." (*Id*. at p. 1057.) Notwithstanding defendant's argument to the contrary, "[a]felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public. '[T]he threat presented by a firearm increases in direct proportion to its accessibility. Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.]" (*Ibid*.)

We conclude that the trial court did not err in ruling that defendant was "armed" during the commission of the crime of felon in possession of a firearm, and was thus ineligible for resentencing under Proposition 36.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                                  CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT