Filed 8/22/16  P. v. Chandler CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEESESTER CHANDLER, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B267338<br>(Super. Ct. No. BA204995-01)<br>(Los Angeles County) |

Leesester Chandler, Jr. appeals a postconviction order denying his petition for resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 ("the Act").  (Pen. Code, § 1170.126.)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On June 4, 2001, Chandler was convicted of possession of a firearm by a felon.  (§ 12021, subd. (a)(1).)[2]  In a separate proceeding, the trial court found that Chandler suffered two prior serious felony strike convictions and served one prior prison term.  (§§ 667, subd. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  As a third strike

---

[1] All statutory references are to the Penal Code.

[2] The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change.  Former section 12021 was recodified at section 29800, operative January 1, 2012.  (*People v. Wade* (2016) 63 Cal.4th 137, 140.)

offender, the court sentenced Chandler to a prison term of 25 years to life. The court also imposed a $400 restitution fine and a $400 parole revocation restitution fine (suspended), and awarded Chandler 547 days of presentence custody credit. (§§ 1202.4, subd. (b), 1202.45.)

In an unpublished opinion, we affirmed Chandler's conviction. We described his offense as follows: On June 30, 2000, Los Angeles police officers received information that Chandler had robbed a victim at gunpoint. The officers later saw Chandler, a parolee, parked in a vehicle. After ordering Chandler to leave the vehicle, the officers searched him. When an officer shined her flashlight through the rear window of the vehicle, she saw the handle of a firearm near the armrest. According to the appellate record of trial, she described the location of the firearm as "on the front bench seat . . . under the driver's side armrest. And the actual barrel was facing northbound, making the handle really accessible to the driver." (*People v. Chandler* (Dec. 4, 2002, B151928) [nonpub. opn.].)

*Petition to Recall Sentence*

On November 14, 2012, Chandler filed a petition to recall his sentence pursuant to section 1170.126, and resentence him as a second-strike offender. The prosecutor opposed the petition, asserting in part that Chandler is ineligible for resentencing because he was armed with a firearm during commission of the underlying offense. (§§ 667, subd. (e)(2)(C)(iii) [exclusion from resentencing pursuant to the Act where defendant was "armed with a firearm" during commission of offense], 1170.12, subd. (c)(2)(C)(iii) [same].)

The trial court concluded that Chandler was ineligible for resentencing because he was "armed with a firearm" during commission of the offense: "[The Court] finds[s] him ineligible on the basis that he was in possession of a weapon that was readily available for offensive or defensive use and it was in the car and he was alone." It then denied Chandler's petition. He now appeals that decision.

*DISCUSSION*

Chandler contends that the exclusion from the Act for felons who are armed during the commission of the underlying offense applies only where arming facilitates commission of that offense or an additional offense. He asserts that rules of statutory construction compel this interpretation.

Section 1170.126 provides that an offender serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not a serious or violent felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 681.) If the statutory eligibility criteria are satisfied and no enumerated exclusion applies, the trial court determines whether imposition of a two-strike determinate term presents an unreasonable risk of danger to public safety. (*Id.* at pp. 681-682.) The court may then resentence the offender accordingly.

An offender is statutorily ineligible for resentencing under the Act if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); *People v. Johnson*, *supra*, 61 Cal.4th 674, 681.) "'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.) It is the availability of and ready access to the weapon that constitutes arming. (*People v. White* (2014) 223 Cal.App.4th 512, 524, 527 [armed-with-a-dangerous-weapon exclusion does not require that the arming be anchored or tethered to an offense that does not include simple possession].) Obviously, the threat presented by a firearm increases in direct proportion to its accessibility; a firearm that is available for use as a weapon creates the danger that it will be used. (*People v. White* (2016) 243 Cal.App.4th 1354, 1363.)

The trial court properly found that Chandler was ineligible for resentencing pursuant to section 1170.126 because he had actual physical possession of the firearm. Where the record of conviction establishes that the defendant was convicted of

3

possession of a firearm by a felon and was armed with the firearm during commission of that offense, "the armed-with-a-firearm exclusion applies and the defendant is not entitled to sentencing relief [pursuant to section 1170.126]." (*People v. White*, *supra*, 223 Cal.App.4th 512, 519.) Here the record establishes that Chandler sat in a vehicle in close proximity to a firearm that was "really accessible."

We reject Chandler's interpretation of the exclusion, as have many other reviewing courts. (*People v. White*, *supra*, 243 Cal.App.4th 1354, 1362-1365; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-285; *People v. Osuna*, *supra*, 225 Cal.App.4th 1020, 1030-1032; *People v. White*, *supra*, 223 Cal.App.4th 512, 519.) We agree with the reasoning set forth in these decisions. The Act is intended to provide resentencing relief to low-risk, nonviolent prisoners serving life sentences for petty crimes, such as shoplifting and simple drug possession. (*White*, *supra*, 223 Cal.App.4th at p. 526.) Actual physical possession of a firearm by a convicted felon cannot be deemed a petty or minor offense. (*Ibid.*) Former section 12021, subdivision (a)(1) (now § 29800, subd. (a)(1)) "is based on the theory that a convicted felon has, by his prior conduct, demonstrated that if he comes into possession of a concealable firearm, he will use it to do evil." (*People v. Littrel* (1986) 185 Cal.App.3d 699, 703.)

The order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.