Filed 9/7/16  P. v. Terry CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEWEY STEVEN TERRY III,<br><br>    Defendant and Appellant. | B268934<br><br>(Los Angeles County<br>Super. Ct. No. TA043004) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Dewey Steven Terry III appeals from an order denying his petition for resentencing under the Three Strikes Reform Act of 2012, enacted by the voters as Proposition 36 (Pen. Code, § 1170.126).[1]  Terry argues the trial court erred in determining he was ineligible for resentencing because he was armed with a firearm during the commission of his current offense.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1996 a jury convicted Terry of possession of a firearm by a felon (former § 12021, subd. (a)(1)),[2] based on evidence that he fired six gunshots into the home of Isora Harrell.[3]  The trial court in that case found Terry had two prior serious or violent felony convictions, a 1984 conviction for assault and a 1988 conviction for voluntary manslaughter, and sentenced Terry under the three strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) to an indeterminate term of 25 years to life.

On November 6, 2012 the electorate passed Proposition 36, which "authorizes prisoners serving third-strike sentences whose 'current' offense (i.e., the offense for which the third-strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second-strike case." (*People v. Johnson* (2015) 61 Cal.4th 674, 679-680; see *People v. Superior Court* (*Kaulick*) (2013)

---

[1]     Statutory references are to the Penal Code.

[2]     "Penal Code former section 12021, subdivision (a), is now section 29800, subdivision (a), which became effective January 1, 2012.  [Citation.]  The Law Revision Commission comments to section 29800 make clear that the provision was carried over 'without substantive change.'" (*People v. Correa* (2012) 54 Cal.4th 331, 334, fn. 1.)

[3]     The jury was unable to reach a verdict on additional charges of assault with a firearm (§ 245, subd. (a)(2)) and shooting at an inhabited dwelling (§ 246), and the trial court declared a mistrial on those counts.

215 Cal.App.4th 1279, 1286 [Proposition 36 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction"].)  Proposition 36 went into effect November 7, 2012 (*Johnson*, at p. 679), and the following month Terry filed a petition for recall of his sentence and resentencing.

The People opposed Terry's petition, arguing that, under section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii), Terry was not eligible for resentencing because he was armed with a firearm during the commission of his current offense.  (See § 1170.126, subd. (e)(2) [an inmate is not eligible for resentencing if the current sentence was imposed for any offense appearing in §§ 667, subd. (e)(2)(C)(i)-(iii), or 1170.12, subd. (c)(2)(C)(i)-(iii)]; § 667, subd. (e)(2)(C)(iii) ["[d]uring the commission of the current offense, the defendant . . . was armed with a firearm"]; § 1170.12, subd. (c)(2)(C)(iii) [same].)  The People submitted excerpts from the testimony at Terry's trial, including Harrell's testimony that she saw Terry hold a gun up to the screen door of her apartment and fire six shots inside.

In reply, Terry argued that to be ineligible for resentencing "offenders must not only arm themselves, but also must commit some other offense, apart from the arming itself."  For this reason, he contended, his conviction for firearm possession did not disqualify him from resentencing.

On December 1, 2015, after holding an eligibility hearing, the trial court denied Terry's petition.  The court found that, under sections 1170.126, subdivision (e)(2), and 667, subdivision (e)(2)(C)(iii), Terry was ineligible for resentencing because he was armed with a firearm during the commission of his current offense.  Terry timely appealed.

## DISCUSSION

"A defendant currently serving an indeterminate life sentence pursuant to the three strikes law is disqualified from resentencing [under Proposition 36] if he or she has an enumerated disqualifying factor found in section 1170.126, subdivision (e)." (*People v. Hicks* (2014) 231 Cal.App.4th 275, 282 (*Hicks*); see § 1170.126, subd. (e).) One such factor is that the defendant's current sentence was imposed for any offense appearing in sections 667, subdivision (e)(2)(C)(i)-(iii), or 1170.12, subdivision (c)(2)(C)(i)-(iii). (§ 1170.126, subd. (e)(2).) "Thus, an inmate is disqualified from resentencing if, inter alia, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.'" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*), quoting §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); accord, *Hicks*, at p. 282.)

"'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively," and we presume the electorate intended "armed with a firearm" to have that meaning under Proposition 36. (*Osuna*, *supra*, 225 Cal.App.4th at p. 1029; accord, *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1052 (*Blakely*); see *People v. White* (2014) 223 Cal.App.4th 512, 524 ["[t]he California Supreme Court has explained that '"[i]t is the availability – the ready access – of the weapon that constitutes arming"'"].) The facts of this case, in particular Harrell's testimony that she saw Terry fire six gunshots into her home, support the trial court's finding that Terry was "armed with a firearm" within the meaning of Proposition 36, and Terry does not dispute this. (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 796 [inmate ineligible for resentencing where witnesses testified they saw him in actual physical possession of shotgun]; *Osuna*, at pp. 1026-1027 ["where there are facts in the record of conviction that show an inmate was 'armed with a firearm' – had the firearm available for immediate offensive or defensive use – during the commission of his or her current offense, the inmate is disqualified from resentencing under [Proposition 36]"].)

4

What Terry disputes is that, within the meaning of Proposition 36, he was armed with a firearm "during the commission of the current offense."[4] Citing the language of the statute, "basic principles of grammar," "the structure of the statute," and "Proposition 36's 'overarching purpose,'" Terry argues that the circumstance of being armed with a firearm "must attach to the current offense as an *addition* and not just be a part of the current offense." Thus, according to Terry, having been armed with a firearm will disqualify an inmate from resentencing under Proposition 36 only if that fact is "tethered" to, or has a "facilitative nexus" with, a current offense other than, or in addition to, the offense of possessing a firearm as a felon. In other words, Terry asserts that one cannot be armed with a firearm "during the commission of the current offense" if the current offense is possession of a firearm.

There are two serious problems with Terry's argument. First, being armed with a firearm is not an element of the offense of possession of a firearm as a felon. (See *People v. Conley* (2016) 63 Cal.4th 646, 659, ["[c]ase law holds that possession of a firearm does not necessarily imply being armed" and "arming is not an element of the offense" of possession of a firearm by a felon]; *Blakely, supra,* 225 Cal.App.4th at p. 1052 [the elements of the offense are "conviction of a felony and ownership or knowing possession, custody, or control of a firearm," and "[a] firearm can be under a person's dominion and control without it being available for use"]; *People v. White*, *supra*, 223 Cal.App.4th at p. 524 ["while the act of being armed with a firearm – that is, having ready access to a firearm [citation] – necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it"].) "For example, a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*People v. White*, at p. 524;

___

[4] Terry's appeal thus raises a question of statutory interpretation we review de novo. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332; *People v. Zeigler* (2012) 211 Cal.App.4th 638, 650.)

accord, *People v. Conley*, at p. 659.)  Thus, a central supposition of Terry's argument is incorrect.

Second, as Terry acknowledges, courts have repeatedly and unanimously rejected his argument.  (See *People v. White* (2016) 243 Cal.App.4th 1354, 1362-1364 [rejecting the argument that the current offense of firearm possession cannot support a finding that the inmate was armed during its commission]; *Hicks*, *supra*, 231 Cal.App.4th at pp. 283-284 [rejecting the argument that "a court considering a petition for resentencing is precluded from finding the defendant was armed during the commission of the offense if the only current felony conviction was being a felon in possession" and that "there must be an underlying felony to which the arming is 'tethered'"]; *People v. Brimmer, supra,* 230 Cal.App.4th at p. 797 [rejecting the argument that "possessory offenses can never fall under the armed with a firearm exclusion . . . without another separate or tethering offense"]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312 [rejecting the argument that "ineligibility for resentencing for being 'armed' . . . must require something beyond the substantive offense of possession itself"]; *Osuna*, *supra*, 225 Cal.App.4th at p. 1027 ["being 'armed with a firearm' 'during the commission of the current offense,' for purposes of [Proposition 36], does not require the possession be 'tethered' to, or have some 'facilitative nexus' to, an underlying felony"]; *People v. White*, *supra*, 223 Cal.App.4th at p. 527 [rejecting the argument that "the armed-with-a-firearm exclusion 'requires that the arming be anchored or tethered to an offense which does not include possession'"]; see also *Blakely*, *supra*, 225 Cal.App.4th at p. 1054 ["the phrase '[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . ,' . . . [which] disqualifies an inmate from resentencing pursuant to section 1170.126, subdivision (e)(2), extends to situations in which the defendant was convicted of violating section 12021 *if* the defendant had the firearm he or she was convicted of possessing available for use, either offensively or defensively"].)  Terry does not persuade us to depart from this line of authority.

# DISPOSITION

The December 1, 2015 order denying Terry's petition for resentencing under section 1170.126 is affirmed.

SEGAL, J.

We concur:

ZELON, Acting P. J.

GARNETT, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.