Filed 7/25/16  P. v. McKinney CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TEDDEST MCKINNEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B269511<br>(Super. Ct. No. NA081936-01)<br>(Los Angeles County) |

Teddest McKinney appeals an order denying his petition for resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 ("the Act").  (Pen. Code, § 1170.126.)[1]  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

On July 20, 2010, McKinney was convicted of possession of a firearm by a felon; carrying an unregistered, loaded firearm; and misdemeanor resisting a peace officer.  (§§ 12021, subd. (a)(1), 12031, subd. (a)(1), 148, subd. (a).)[2]  The trial court found that McKinney suffered two prior serious felony strike convictions and served two prior prison terms.  (§§ 667, subd. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  As a

---

[1] All further statutory references are to the Penal Code.

[2] The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change.  Former sections 12021 and 12031 were recodified at sections 29800 and 25850 respectively, operative January 1, 2012.  (*People v. Wade* (2016) 63 Cal.4th 137, 140.)

third strike offender, the court sentenced him to a prison term of 27 years to life. The court also imposed various fines and fees and awarded McKinney 556 days of presentence custody credit.

Our unpublished opinion affirmed McKinney's conviction and described his offenses as follows: On April 12, 2009, Brenda Hart saw a group of people shouting at each other and preparing to fight. When police officers drove to the area, the crowd scattered. Hart saw a man throw a firearm into bushes near the street. McKinney then retrieved the firearm from the bushes and entered a white-colored vehicle that left the area.

Police Officer Francisco Ramirez soon saw the white-colored vehicle. McKinney and two women were inside. Following a traffic stop, police officers found a loaded firearm under the passenger seat in which McKinney had been sitting. Hart later appeared at the vehicle stop and stated that officers had arrested "the right guy." (*People v. McKinney* (Apr. 2, 2011, B226344) [nonpub. opn.].)

*Petition to Recall Sentence*

On December 12, 2012, McKinney filed a petition to recall his sentence pursuant to section 1170.126, and resentence him as a second-strike offender. The prosecutor opposed the petition, asserting in part that McKinney is ineligible for resentencing because he was armed with a firearm during commission of the underlying offense. (§ 667, subd. (e)(2)(C)(iii) [exclusion from resentencing pursuant to the Act where defendant was "armed with a firearm" during commission of offense].)

Following written and oral argument, the trial court concluded that McKinney was ineligible for resentencing because he was armed with a firearm during commission of the offense: "The defendant was observed picking up and taking a handgun and getting into a car. The car was later stopped. The gun was found under his seat and he was a passenger . . . . [He is] statutorily ineligible." The court then denied McKinney's petition.

2

McKinney appeals and contends that the exclusion from the Act for felons who are armed during the commission of the current offense applies only where arming facilitates commission of the offense.

*DISCUSSION*

McKinney argues that statutory construction of the arming exclusion compels the interpretation that arming must further commission of the underlying offense.

Section 1170.126 provides that an offender serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not a serious or violent felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 681.) If the statutory eligibility criteria are satisfied and no exclusion applies, the trial court determines whether imposition of a two-strike determinate term presents an unreasonable risk of danger to public safety. (*Id.* at pp. 681-682.) The court then resentences the offender accordingly.

An offender is statutorily ineligible for resentencing under the Act if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); *People v. Johnson*, *supra*, 61 Cal.4th 674, 681.) "'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.) It is the availability of and ready access to the weapon that constitutes arming. (*People v. White* (2014) 223 Cal.App.4th 512, 524.) Obviously, the threat presented by a firearm increases in direct proportion to its accessibility. (*People v. White* (2016) 243 Cal.App.4th 1354, 1363.) A firearm that is available for use as a weapon creates the danger that it will be used. (*Ibid.*)

The trial court properly found that McKinney was ineligible for resentencing pursuant to section 1170.126 because he had actual physical possession of the firearm. Where the record of conviction establishes that the defendant was convicted

3

of possession of a firearm by a felon and was armed with the firearm during the commission of that offense, "the armed-with-a-firearm exclusion applies and the defendant is not entitled to sentencing relief [pursuant to section 1170.126]." (*People v. White*, *supra*, 223 Cal.App.4th 512, 519.) Here the record establishes that McKinney retrieved a firearm from the landscaping and held it prior to entering the vehicle. After detaining McKinney, a police officer found the firearm under the passenger seat in which McKinney sat. In the underlying prosecution, McKinney was also convicted of carrying an unregistered, loaded firearm. (*People v. Overturf* (1976) 64 Cal.App.3d Supp. 1, 6 ["carry" or "carrying" connotes "holding or bearing arms"].)

We reject McKinney's interpretation of the exclusion, as have many other reviewing courts. (*People v. White*, *supra*, 243 Cal.App.4th 1354, 1362-1365; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-285; *People v. Osuna*, *supra*, 225 Cal.App.4th 1020, 1030-1032; *People v. White*, *supra*, 223 Cal.App.4th 512, 519.) We agree with the reasoning set forth in these precedent decisions. The Act is intended to provide resentencing relief to low-risk, nonviolent prisoners serving life sentences for petty crimes, such as shoplifting and simple drug possession. (*White*, *supra*, 223 Cal.App.4th at p. 526.) Actual physical possession of a firearm by a convicted felon cannot be deemed a petty or minor offense. (*Ibid.*)

The order denying the resentencing petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Amanda V. Lopez, Deputy Attorney General, for Plaintiff and Respondent.