Filed 9/1/16  P. v. Myers CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B263866 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA027232) |
| v. | |
| MICHAEL CRAIG MYERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Abtin Amir, Deputy Attorneys General, for Plaintiff and Respondent.

In January 1996, a jury convicted defendant Michael Myers of possession of a firearm by a felon (Former Pen. Code, § 12021, subd. (a)(1)).[1] In a bifurcated proceeding, the trial court found true allegations that appellant had suffered three prior convictions pursuant to the Three Strikes law. The court sentenced him to 25 years to life in state prison. In 1999, this court affirmed the judgment of conviction. (*People v. Myers* (1999) 69 Cal.App.4th 305.)

In November 2012, defendant petitioned to have his sentence recalled under section 1170.126, Proposition 36. The trial court denied the petition, and defendant appeals. We affirm.

## BACKGROUND

The trial court's memorandum of decision described the facts of appellant's offense as follows (with citations to the reporter's transcript of the trial deleted):

"On May 3, 1995, an officer responded to the area of 954 North Park in Pomona regarding a fight and possible shots fired. Upon arriving, the officer observed two black males standing against a wall, drinking beer. When the officer called for them to approach his vehicle, one of the subjects ran to the end of the driveway and through an open gate next to apartment One at 954 North Park. The officer detained the remaining subject and called for assistance. A short time later, the subject reappeared from the area of apartment One and was detained by the officer.

"The Officer observed [defendant] exit the open gate near apartment One, walk down the driveway, and watch the detention. He then left the area through the gate and returned a few minutes later. Believing he may be involved with the original call, the officer detained [defendant] and discovered he had recently been

---

[1] Further unspecified statutory references are to the Penal Code.

2

released from prison on parole. Officers at the scene contacted a parole agent and received authorization to search [defendant's] residence, 954 North Park, apartment One. Two loaded handguns, one which had an expended bullet, were found underneath a mattress in one of the bedrooms of the apartment. [Defendant] admitted he had purchased one of the weapons for 'protection' and was holding the other weapon for a friend. He also admitted that he hid the guns between the mattress and the box spring."

The trial court denied defendant's petition to recall his sentence, finding that the prosecution had proven by a preponderance of the evidence that defendant was armed with a firearm within the meaning of sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), thus rendering him ineligible for resentencing under section 1170.126, subdivision (e)(2).


## DISCUSSION

Defendant contends that rules of statutory construction compel the conclusion that Proposition 36's exclusion from resentencing for felons who are armed during the commission of the underlying offense applies only where the arming facilitates commission of that offense or an additional offense, and not when the firearm is merely available for use. We disagree.

Section 1170.126 provides that an offender serving a Three Strikes sentence may be eligible for resentencing where the current felony conviction is not a serious or violent felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 681.) If the statutory eligibility criteria are satisfied and no enumerated exclusion applies, the trial court determines whether imposition of a two-strike determinate term presents an unreasonable risk of danger to public safety. (*Id*. at pp. 681-682.) The court may then resentence the offender accordingly.

3

An offender is statutorily ineligible for resentencing if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); *People v. Johnson, supra*, 61 Cal.4th at p. 681.) "'Armed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.) It is the availability of and ready access to the weapon that constitutes arming. (*People v. White* (2014) 223 Cal.App.4th 512, 524, 527 [armed-with-a-dangerous-weapon exclusion does not require that the arming be anchored or tethered to an offense that does not include simple possession].) Obviously, the threat presented by a firearm increases in direct proportion to its accessibility; a firearm that is available for use as a weapon creates the danger that it will be used. (*People v. White* (2016) 243 Cal.App.4th 1354, 1363.)

Here, the trial court properly found that defendant was ineligible for resentencing pursuant to section 1170.126 because he had possession of two firearms that were available for use. Where the record of conviction establishes that the defendant was convicted of possession of a firearm by a felon and was armed with the firearm during commission of that offense, "the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief [pursuant to section 1170.126]." (*People v. White, supra,* 223 Cal.App.4th at p. 519.)

As defendant concedes, several courts have rejected his interpretation of Proposition 36. (*People v. White, supra*, 243 Cal.App.4th at pp. 1362-1365; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-285; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1030-1032; *People v. White, supra*, 223 Cal.App.4th at

4

p. 519.)  We agree with the reasoning of these decisions, and conclude that the trial court properly denied his petition to recall his sentence.

## DISPOSITION

The order denying the petition to recall the sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

5