Filed 9/15/16  P. v. Brown CA2/5
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B271179 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA016719) |
| v. | |
| DARIUS BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following his 1999 convictions in count 1 of possession of cocaine base for sale (Health & Saf. Code, § 11351.5) while armed with a firearm (Pen. Code, § 12021),[1] and in count 2 of felon in possession of a firearm (§ 12021), defendant Darius Brown was sentenced to concurrent state prison terms of 29 years-to-life and 25 years-to-life pursuant to the three strikes law. In December 2015 defendant filed a petition challenging his sentence as to count 2 under the provisions of the Three Strikes Reform Act of 2012 (Proposition 36) and section 1170.126.[2] The trial court denied the petition on the ground that defendant was armed with a firearm, which rendered him ineligible for relief pursuant to section 1170.126, subdivision (e)(2). Defendant argues the trial court erred in finding him ineligible for relief, because being armed is an element of possession of a firearm by a felon, and disqualification is only proper when the armed element is tethered to a separate offense. We affirm.

Under Proposition 36, "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, . . . may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).) Various provisions define and limit eligibility for relief under Proposition 36, including section 1170.126, subd. (e)(2), which provides as follows: "An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667. . . ." Proposition 36

---

[1] Statutory references are to the Penal Code unless otherwise stated.

[2] The trial court had previously denied defendant's 2013 petition for relief as to counts 1 and 2 under Proposition 36. In the current petition, only the sentence in count 2 is in issue.

relief is barred if "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . ." (§ 667, subd. (e)(2)(C)(iii).)

In affirming the judgment entered in 1999, this court specifically addressed the issue of whether defendant possessed a firearm for purposes of count 2. "[W]e may properly consider" our prior opinion in determining if defendant was armed with a firearm in count 2. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030 (*Osuna*); *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800–801 (*Brimmer*) ["trial court may rely on the record of conviction, including this court's prior opinion in defendant's appeal from his original judgment"].) Our opinion on defendant's direct appeal reflected that as deputies executed a search warrant, defendant ran to the bathroom and attempted to flush rock cocaine. In a bedroom closet deputies recovered additional rock cocaine in a shoe, and a .45 caliber pistol in another shoe. We held that, in addition to having sufficient time to attempt to dispose of cocaine by flushing it down a toilet upon learning that police were at the location, it was reasonable to infer defendant "used some of the time to drop the gun into the shoe where it was found." (*People v. Brown* (May 11, 2000, B130672) [nonpub. opn.].) Under these circumstances, the record establishes that defendant was armed with a firearm, as he had "a firearm available for offensive or defensive use." (*Osuna*, *supra*, at p. 1029; *Brimmer*, *supra*, at p. 796.) Any doubt as to this issue is, of course, resolved by the jury's finding in count 1 that defendant was armed with a firearm in the commission of possession of cocaine base for purpose of sale.

As defendant recognizes, courts have repeatedly rejected his contention that disqualification from Proposition 36 relief requires that arming with a firearm must be tethered to an offense other than possession of a firearm by a felon. "Defendant posits various arguments designed to convince us that section 1170.126 should nonetheless be construed as precluding a finding that a defendant convicted merely possessing a firearm, without any other offense, is ineligible for resentencing relief. We find none convincing." (*People v. White* (2016) 243 Cal.App.4th 1354, 1363–1365 ["the electorate was entitled to draw a line decreeing that any third strike felon who was actually armed with a prohibited firearm—no matter how benign the circumstances—was categorically

3

ineligible for resentencing relief"]; *Brimmer*, *supra*, 230 Cal.App.4th at p. 797 [rejecting contention "that possessory offenses can never fall under the armed with a firearm exclusion, because one cannot use, or be armed with a firearm 'during the commission' of such offenses without another separate or tethering offense"]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314 ["even if the great majority of commitments for unlawful gun possession come within our interpretation of this eligibility criterion, it would not run afoul of the voters' intent"]; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054 [a defendant convicted of being a felon in possession of a firearm is disqualified from relief "*if* the defendant had the firearm he or she was convicted of possessing available for use, either offensively or defensively"]; *Osuna*, *supra*, 225 Cal.App.4th at p. 1032 ["we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm"].)

We agree with the above-cited authorities. Defendant was armed with a firearm during the commission of count 2. The petition for relief under Proposition 36 was properly denied.

**DISPOSITION**

The judgment is affirmed.


KRIEGLER, J.


We concur:


TURNER, P.J.


BAKER, J.

4