Filed 9/21/16  P. v. Tejeda CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS ANAYA TEJEDA,<br><br>    Defendant and Appellant. | D068737<br><br><br>(Super. Ct. No. ECR10801) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, a jury convicted Luis Anaya Tejeda of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a);

count 1); possession of a firearm by a felon (former Pen. Code,[1] § 12021, subd. (a); count 2); and petty theft after a prior (§§ 484/666; count 3) and that Tejeda was armed with a firearm within the meaning of section 12022, subdivision (a) as to count 3. Tejeda was found to have two strike priors (§ 667, subds. (b)-(i)).

Tejeda was originally sentenced to a term of 25 years to life for count 1 and the sentences for counts 2 and 3 were to run concurrently.

On the first appeal, this court reversed the conviction for count 1 and remanded the case to the trial court for resentencing. (*People v. Tejeda* (Oct. 17, 1996, D023816) [nonpub. opn.].) On resentencing the trial court reduced the petty theft after a prior offense (count 3) to a misdemeanor and sentenced Tejeda on count 2, possession of a firearm by a felon, to 25 years to life. This court upheld the sentence on the second appeal. (*People v. Tejeda* (March 10, 1998, D028197) [nonpub. opn.].)

In 2015, Tejeda filed a petition to recall his three strikes sentence under section 1170.126 (The Three Strikes Reform Act of 2012, Prop. 36). The trial court found Tejeda was not eligible for resentencing because he was armed with a firearm during the commission of the offense.

Tejeda appeals contending the trial court erred by denying his petition for resentencing. He contends the court abused its discretion; that he was eligible for resentencing because he was only "passively" armed with a loaded firearm; and that

---

1      All further statutory references are to the Penal code unless otherwise specified.

2

continued incarceration violates due process. We will reject Tejeda's contentions and affirm the order denying relief.

STATEMENT OF FACTS

The facts underlying the offenses in this case are essentially not in dispute. Accordingly, we will adopt the brief summary of the facts as contained in the respondent's brief.

In December 1994 appellant entered a GTM convenience store with a friend, took a bag of popcorn and consumed it without paying for it. When appellant and the friend approached the front door and attempted to leave, the manager confronted them about the popcorn, but appellant and the friend denied consuming it.

Appellant consented to a pat search of his pockets, and when the manager did so, he felt a metal object which turned out to be a gun. Appellant and the manager struggled over the gun, but the manager obtained possession of it. The manager solicited help from a San Diego County Sheriff's deputy who happened to be in the parking lot, and the deputy removed a magazine with four hollow point rounds from appellant's fully operational nine-millimeter semiautomatic gun.

A search of appellant produced two wallets, one of which contained .01 grams of methamphetamine. Appellant said he was holding the gun for a friend who went to Mexico.

DISCUSSION

In this case, Tejeda was charged with being armed at the time of this offense. The jury made an express finding that Tejeda was armed with a firearm as to both counts 1

3

and 3. The three charged offenses all arose from the same brief transaction. At sentencing the trial judge observed that stealing popcorn was not the significant event, but rather he thought the public would be alarmed that Tejeda, with his criminal history, chose "to enter that store armed with a fully loaded, nine-millimeter semiautomatic pistol tucked in his waistband."

Thus we approach this discussion based on a record that conclusively establishes Tejeda had a loaded pistol "tucked in his waistband" when he committed the offenses in this case. The question presented by these facts is whether Tejeda was eligible for resentencing under Proposition 36, when he was armed with a firearm at the time of the offense. The answer is found in the statute and case law which have established that even where the past third strike offense is not serious or violent, a defendant is still ineligible for resentencing where the record establishes the person was personally armed with a firearm at the time of the offense. (*People v. White* (2014) 223 Cal.App.4th 512, 527.)

A. The Three Strikes Reform Act

Under section 1170.126, recidivist inmates who are serving a life term for a nonserious or nonviolent felony under the prior version of the three strikes law can petition the court to have the sentence recalled and be sentenced as a second strike offender, unless the person is otherwise disqualified under the act. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) Subdivision (e)(2) of section 1170.126 provides for ineligibility for resentencing where "the inmate's current sentence was not imposed for any of the offenses appearing in" sections 667, subdivision (e)(2)(C), or 1170.12, subdivision (c)(2)(C). One of the enumerated disqualifying factors is if "[d]uring the

4

commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).)

## B.  Legal Principles

Possession of a firearm by a felon is not listed as a serious or violent felony and thus would not by itself justify a third strike sentence.  Possession may be established even if it is only constructive.  (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417.) Thus a person who possesses a firearm may not necessarily be "armed" at the time of the offense.  (*People v. White, supra*, 223 Cal.App.4th at p. 524.)  We turn then to the definition of being armed.

In *People v. Bland* (1995) 10 Cal.4th 991, 997, the court held that being armed is " 'the availability--the ready access--of the weapon that constitutes arming.' "  Hence, having a loaded functional pistol "tucked in the waistband" of a defendant's pants constitutes being armed with, as well as in possession of a firearm.

In *People v. White, supra*, 223 Cal.App.4th 512, this court addressed a similar claim by an inmate who was serving a life term for the felony of possession of a firearm by a felon.  The record there demonstrated the defendant had the weapon in his personal possession when encountered by police.  The defendant threw the weapon away as he was being pursued by police.  We held the defendant was not eligible for resentencing under the act.

Division 3 of the Fourth District reached the same result in *People v. White* (2016) 243 Cal.App.4th 1354, 1362-1365 (*White II*).  (Unrelated to *White, supra,* 223

5

Cal.App.4th 512; see *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1032). Tejeda has not identified any case law which differs from or distinguishes either of the *White* cases.

In *White II, supra,* 243 Cal.App.4th 1354, the court made clear that the factor in the statute which renders the inmate ineligible for resentencing in that case was being armed with a firearm, the court held it was not necessary to show a "facilitating nexus" to the underlying offense. The court said:

> "Defendant posits various arguments designed to convince us that section 1170.126 should nonetheless be construed as precluding a finding that a defendant convicted of merely possessing a firearm, without any other offense, is ineligible for resentencing relief. We find none convincing." (*White II, supra*, at p. 1363.)

Tejeda's argument that he was merely in "passive" possession of the pistol is likewise not convincing. The pistol was immediately accessible, and he fought with the security person to maintain possession of the pistol. Passive or not, Tejeda was indeed armed with a pistol within the meaning of section 1170.126.

Tejeda also complains the trial court placed too much emphasis on the jury's finding that Tejeda was armed. He argues that since the firearm enhancement went away with the reduction of count 3 to a misdemeanor, somehow the trial court should not have considered the finding. Tejeda contends the court's action was akin to using a dismissed offense to punish the defendant. (*People v. Berry* (2015) 235 Cal.App.4th 1417, 1425.) We find this argument unconvincing as well.

There is really no dispute that Tejeda had the loaded pistol on his person at the time of the offenses. The jury finding established the arming allegation beyond a

6

reasonable doubt. The finding was never found invalid, the enhancement simply disappeared at the resentencing when the court reduced the underlying offense to a misdemeanor. The record remains crystal clear that Tejeda was armed with a loaded pistol at the time of the offense. The trial court did not err in noting and discussing the jury's finding.

Continued incarceration of Tejeda does not raise any due process issues. He was fairly convicted of the underlying offense, validly sentenced and his sentence was upheld on appeal years ago. He was accorded a full and fair hearing on his request for relief under Proposition 36. The fact his petition was lawfully denied simply means he is still serving a validly imposed sentence. That does not establish a due process violation.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


HALLER, J.