Filed 5/18/21  P. v. Whiten CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082202 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F04876) |
| v. | |
| JULIOUS RAY WHITEN, JR., | |
| Defendant and Appellant. | |

Defendant Julious Ray Whiten, Jr., appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.126.[1]  He contends the trial court erred in denying resentencing on the ground that doing so posed an unreasonable risk of danger to public safety.

We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Officers went to defendant's home to investigate an assault reported by defendant's neighbor. (*People v. Whiten* (Sept. 7, 2007, C052401) [unpub. opn.] slip opn. at p. 9.) Defendant was there initially. When the officers returned after talking to the neighbor, they obtained consent from another resident of defendant's home to search a car parked in the garage and found a loaded sawed-off shotgun and a .45-caliber pistol within the vehicle. (*Id.* at p. 2.) Defendant was convicted of possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)) and possession of a sawed off shotgun (former § 12020, subd. (a)). (*Whiten*, at p. 1.) The trial court sustained three strike conviction allegations and sentenced defendant to 25 years to life. (*Ibid.*) This court affirmed the judgment of conviction on appeal. (*Ibid.*)

In April 2013, defendant filed a petition for section 1170.126 resentencing. The People opposed the petition on the ground that resentencing defendant would pose an unreasonable risk of danger to public safety. The People's opposition memorandum detailed defendant's criminal and prison disciplinary record

Defendant had juvenile adjudications for battery and resisting an officer (§§ 242, 148) in 1983, assault with intent to commit rape or certain sex offenses (§ 220) in 1984, and misdemeanor theft of a bicycle (§ 499b) in 1985. In November 1987, defendant suffered his first adult conviction, for robbery with a firearm enhancement (§ 211, former 12022), resulting in a four-year state prison term. He was paroled in November 1989, but returned to prison custody on a parole violation in July 1990. In 1991, he was convicted of assault with a firearm (§ 245, subd. (a)(2)) and sentenced to two years in state prison.

---

**2** We grant the Attorney General's request to take judicial notice of our opinion in *People v. Whiten* (Sept. 7, 2007, C052401). (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) On our own motion, we augment the record in this appeal with the record in the prior appeal in *Whiten.* We take the facts from the opinion in that prior appeal.

Defendant was convicted of petty theft with a prior (§ 666) with a 16-month state prison term in 1991. In 1992, defendant was convicted of false imprisonment (§ 236) and domestic violence with an enhancement for personally inflicting great bodily injury (§§ 273.5, 12022.7) and sentenced to 12 years in state prison. He was paroled in November 1999. Parole was suspended in May 2000; defendant was returned to state prison on a parole violation in July 2000. Defendant was paroled in June 2001, and discharged from parole in November 2003. He was convicted of reckless driving (Veh. Code, § 23103.5) in September 2004, and, in November 2005, was convicted of his current offenses and sentenced to 25 years to life. In 2008, defendant was convicted of unlawful possession of a weapon (§ 12020) and sentenced to a two-year concurrent state prison term.

Defendant had prison rules violations for refusal to report in October 2006, possession of a weapon in April 2007, circumventing medical emergency procedures in May 2007, delaying a peace officer in October 2007, possession of a weapon in June 2011, fighting in June 2014, and a positive urine test for cannabinoids in June 2015. As a result, he has lost a total of 930 days' credit. In May 2012, the gang investigations unit validated him as a member of a disruptive prison gang.

In his reply, defendant submitted evidence of his efforts to rehabilitate himself while in prison, including acting as a tutor to other prisoners, completion of a reentry program and a conflict resolution program, and obtained his GED at the Youth Authority in 1988. He also submitted an expert witness report from a former Department of Corrections and Rehabilitation director of adult operations setting forth an overview of defendant's record and the factors the court should consider in determining whether resentencing would pose an unreasonable risk of danger to public safety. The reply asserted defendant's current age, 47, is associated with a decline in criminality, and that he had a plan for reentry following his release, which included the support of his mother and stepfather.

3

After a contested hearing, the trial court ruled as follows:

"In this matter there's a range of information and each case rests on a careful evaluation of the record of a defendant, both remote and current, and I have to say Mr. Whiten's life has been characterized when he's out of custody with pretty much unrelenting participation in crimes including notable, serious, and violent felonies which did result in injury or threat of serious injury to members of the community.

"Then he was incarcerated for a non-violent offense by the Court and sentenced. And in looking at his adjustment and his participation in a prison environment, I do note the number of violations, rule violations, violations of law, and most notable those involving weapons and violence.

"And, therefore, based on the evidence presented at this hearing, I believe the People have proved to the Court based on the evidence that Mr. Whiten does currently at this time pose an unreasonable risk to public safety if he's released, and I am denying the request for resentencing at this time."

## DISCUSSION

Defendant contends the trial court erred in denying his petition on the ground that resentencing him posed an unreasonable risk of danger to public safety. He asserts there is no evidence to support this finding. We disagree.

### I. Arming Exclusion

At the hearing on the petition, the parties assumed defendant was eligible for resentencing. This assumption was incorrect. A crime that is not a serious or violent felony is nonetheless ineligible for resentencing if the defendant was armed with a firearm during the commission of the offense. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).) Weapon offenses like felon in possession of a firearm are ineligible for resentencing if the defendant was armed during the commission of the offense. That is precisely the case here. Defendant was armed with the firearms during the commission of the commitment offenses, possession of a firearm by a convicted felon and possession

4

of a sawed-off shotgun. Although it is not clear from this court's opinion where defendant was when the firearms were discovered, prior to their discovery he was at the house and thus, they were readily accessible to defendant. (See *People v. Valdez* (2017) 10 Cal.App.5th 1338, 1347-1358 [state prison inmate detained in shower area was armed with a prison weapon found in his cell and as a result, was ineligible for section 1170.126 relief]; *People v. White* (2016) 243 Cal.App.4th 1354, 1362-1363, [crime of possession of firearm by a felon precludes section 1170.126 relief under the arming prohibition where firearm found in a garbage can near where defendant had been earlier]; *People v. Elder* (2014) 227 Cal.App.4th 1308 [defendant detained outside his home and guns found during search inside; court held defendant was ineligible for section 1170.126 resentencing because he was armed with a firearm]; *People v. Delgadillo* (2005) 132 Cal.App.4th 1570 [defendant stopped on freeway after officers followed him from his house, guns found during search at his house; court held that guns were available for use during commission of drug offenses at his house].)

## II. Unreasonable Risk of Danger to Public Safety

Even assuming defendant is not ineligible because of the arming exclusion, the trial court did not abuse its discretion in concluding that defendant was an unreasonable risk of danger to public safety.

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126, subd. (a).) A prisoner is disqualified from resentencing if his current conviction or criminal record come within the four disqualifying factors listed in sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C). (§ 1170.126, subd. (e).) If the prisoner is not subject to one of the disqualifying factors, then the trial court shall resentence him under the two strikes provision "unless the court, *in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety*." (§ 1170.126, subd. (f), italics added.) In making this

5

determination, "the court may consider:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

"[W]hen a court denies relief under section 1170.126 because reducing a petitioner's sentence entails an unreasonable risk of danger to public safety, that discretionary determination is reviewed under the familiar abuse of discretion standard. [Citation.]  Using this standard, we consider whether the ruling 'exceeds the bounds of reason or is arbitrary, whimsical or capricious.  [Citations.]  This standard involves abundant deference to the trial court's rulings.' " (*People v. Sledge* (2015) 235 Cal.App.4th 1191, 1203.)

In addition, "the factual findings upon which a court's unreasonable risk determination is based are themselves subject to review under the equally familiar substantial evidence standard.  Thus, we review the entire record in the light most favorable to the court's factual findings to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could make those factual findings by a preponderance of the evidence. [Citation.]  But if the factual findings are not supported by substantial evidence, they cannot form the basis for an unreasonable risk determination." (*People v. Sledge, supra*, 235 Cal.App.4th at pp. 1203-1204.)

Defendant contends the trial court did not take into account the remoteness of his prior strikes.  He claims the court overlooked the essentially minor nature of the rule violations and did not consider his efforts at rehabilitation and plans for upon release. Noting that the bulk of his criminal record occurred in his 20s, defendant concludes that

6

his record does not support the trial court's finding. Finally, he argues the trial court erred in failing to look into the circumstances of each prison rule violations rather than only the specific charge.

Defendant's record is that of a career criminal. His adult record begins with the robbery conviction in November 1987, a little more than two years after his last juvenile adjudication. Between then and his current convictions in November 2005, the longest he has spent out of incarceration was from his June 2001 release on parole until his current conviction. The only time defendant was free from incarceration or parole was between his November 2003 discharge from parole and the November 2005 conviction.

His time in prison is no more helpful to his case. He committed another felony while in prison and his numerous, persistent rules violations has led to the loss of 930 days of credit, a period of incarceration longer than some felony sentences. While defendant made commendable efforts to rehabilitate in prison, this did not stop him from being identified as a validated gang member in May 2012, less than a year before his petition was filed.

Defendant's arguments go primarily to the weight the trial court should afford his evidence. While section 1170.126 lists various types of evidence for the trial court to consider in determining whether resentencing poses an unreasonable risk of danger to public safety, it does not instruct the court on how to consider that evidence or what weight to afford it. Indeed, quite the contrary, the statute specifically states the decision of whether a defendant poses an unreasonable risk of danger to public safety is to be made within the court's discretion (§ 1170.126, subd. (f).) The evidence upon which the trial court relied here is substantial. In light of defendant's lengthy criminal record and persistent misbehavior in prison, it was not an abuse of discretion to deny his petition.

## DISPOSITION

The judgment (order) is affirmed.

                                                  /s/
                                            MURRAY, J.

We concur:

     /s/
RAYE, P. J.

     /s/
ROBIE, J.