Filed 8/23/22  P. v. Cathy CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B311712 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. NA058508 |
| CHARLES RAY CATHY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Charles Ray Cathy appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.126.  We affirm.  Statutory citations are to the Penal Code.

We grant Cathy's March 18, 2022 unopposed request for judicial notice of a portion of the reporter's transcript from his original trial.

In 2004, a jury convicted Cathy of firing a handgun with gross negligence (§ 246.3) (count 1) and of being a felon in possession of a firearm (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)) (count 2).

The opinion in Cathy's direct appeal described the facts: "At around 4:30 a.m. on September 14, 2003, [] Cathy and Terence Crawford tried to force their way into the Long Beach apartment of Cathy's former girlfriend, Patricia Manuel.  They were stopped by Manuel's adult son, Darryl Harris, who scuffled with Cathy.  Harris pushed Cathy against a living room window, breaking it.  Cathy told Crawford, 'give me that,' and Crawford handed something to Cathy.  Harris ran back inside the apartment and locked the door.  Manuel looked out her bedroom window and saw a grey car drive off, go past her apartment, then back up.  Soon after, three gunshots were fired from a nearby driveway.  The incident was witnessed by neighbor Dina Galindo.  The police were called and responded so quickly they spotted Cathy and Crawford driving off.  The officers stopped and searched the car, where they found a 10-shot, 9 mm Ruger handgun that was registered to Crawford.  The gun had one bullet in the chamber and six in the magazine.  Another fully loaded magazine was found nearby.  Galindo identified Cathy and Crawford as the men she had seen trying to enter Manuel's apartment and firing gunshots in the direction of that apartment.

The incident took place just four days after Cathy was released from jail after serving a prison sentence for robbery." (*People v. Cathy* (Nov. 23, 2005, B175971) [nonpub. opn.].)

According to trial testimony, Crawford was the driver, and police found the gun underneath the driver's seat.

The court found Cathy had two prior convictions that qualified as strikes. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

The court sentenced Cathy to 30 years to life in state prison. The sentence included a five-year serious felony enhancement (§ 667, subd. (a)(1)).

In 2019, Cathy filed a motion to strike the section 667, subdivision (a)(1) enhancement. The trial court denied the motion. On appeal, Cathy and the prosecution agreed Cathy's 2004 convictions were not for serious felonies. We agreed and struck the enhancement. (*People v. Cathy* (May 28, 2020, B299244) [nonpub. opn.].) We explained that firing a handgun with gross negligence was absent from the enumerated list of serious felonies and the record did not establish Cathy *personally used* a dangerous or deadly weapon. (*Id.*; see § 1192.7, subd. (c).)

After that, Cathy petitioned the trial court for resentencing under section 1170.126. This section applies to defendants serving a life sentence under the "Three Strikes" law for a nonserious, nonviolent felony commitment offense. A defendant is ineligible for relief if "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm or deadly weapon . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

The court denied Cathy's petition in a written order. The court found, beyond a reasonable doubt, that Cathy was ineligible

3

for relief because he was armed with a firearm during the commission of his offenses.

Because the trial court's eligibility determination was based on evidence in the record of conviction, this is a factual determination that we review for substantial evidence. (See *People v. Perez* (2018) 4 Cal.5th 1055, 1066.)

Substantial evidence supports the court's finding that Cathy was armed.

For the purposes of section 1170.126, armed means having a weapon available for use, either offensively or defensively. (*People v. Cruz* (2017) 15 Cal.App.5th 1105, 1109–1110 (*Cruz*).) The key is the availability and ready access to a weapon. (*Id.* at p. 1110; accord *People v. White* (2016) 243 Cal.App.4th 1354, 1362 [defendants are armed if they are aware a weapon is hidden in a readily accessible place].)

Defendants need not use or hold a weapon to be armed. (*People v. Bland* (1995) 10 Cal.4th 991, 997.) Moreover, being armed does not mean the deadly weapon *facilitated* the commission of the charged offense. The statute requires only a temporal nexus: arming *during* the offense. (*Cruz, supra,* 15 Cal.App.5th at pp. 1111–1112.)

There is substantial evidence Cathy had ready access to a weapon. Although the gun belonged to Crawford, Cathy worked in concert with Crawford during the commission of his offenses. They tried to enter the apartment together, returned to the car together, and drove away together. A witness identified them as the men she saw trying to enter the apartment and firing gunshots toward the apartment. (*People v. Cathy, supra,* B175971.) The men were together when police pulled them over and found the gun. Furthermore, the jury's verdict that Cathy

4

was a felon in possession of a firearm, while not dispositive (see *People v. Byers* (2020) 53 Cal.App.5th 1106, 1111–1112), supports the finding that Cathy had ready access to a firearm. There was substantial evidence Cathy was armed during his offenses.

This court's earlier decision about personal use does not foreclose the trial court's finding, for being armed does not require a person to use a weapon personally.

Cathy raises constitutional claims that fail. He says the trial court, by making factual findings, violated his Fifth, Sixth, and Fourteenth Amendment rights. He concedes the California Supreme Court "rejected an identical claim in *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064" and says he raises the issue to preserve it for further review. *Perez* held that the Sixth Amendment does not prohibit trial courts from relying on facts not found by a jury to determine whether a defendant is ineligible under section 1170.126. (*Id.* at p. 1064.) Because of Cathy's concession and binding precedent, we need not address this issue.

Cathy's opening brief and reply brief later attempt to reverse his concession about his "identical claim," but his argument still fails. He says California precedents do not squarely address his claim that the trial court violated his right to notice under the due process clause because he had no notice about the "arming allegation" at his 2004 trial. This contention is incorrect. The reasoning in the trial by jury cases applies in the due process context. (E.g., *People v. Perez, supra*, 4 Cal.5th at pp. 1063–1064 [factual finding that results in resentencing ineligibility does not increase sentence; it simply leaves original sentence intact].) Furthermore, when he filed his petition, Cathy had notice that having been armed would exclude him from eligibility. He had the opportunity, with counsel, to address this

5

in his petition.  There was no due process violation when the trial court determined Cathy was armed.

## DISPOSITION

The order is affirmed.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.