Filed 11/10/25  P. v. Sims CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C102653 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-191656) |
| v. | |
| MARVIN MONQUE SIMS, | |
| Defendant and Appellant. | |

Following a bifurcated trial, defendant Marvin Monque Sims was sentenced to an indeterminate term of 25 years to life on two counts pursuant to the "three strikes" law. On appeal, Sims contends that the trial court abused its discretion when it denied his *Romero*[1] motion to dismiss his prior strike convictions.  We conclude the trial court did not abuse its discretion when it denied Sims's motion and, thus, affirm the judgment.

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

BACKGROUND

Sims was charged with violating Penal Code[2] section 29800, subdivision (a)(1), felon in possession of a firearm; section 30305, subdivision (a)(1), felon in possession of ammunition; and section 148.9, subdivision (a), providing false information to a police officer. There were allegations of four prior strike convictions pursuant to section 667, subdivisions (b) through (i) and circumstances in aggravation.

Prior to trial, defense counsel filed a motion to dismiss the prior strike offenses pursuant to *Romero, supra*, 13 Cal.4th 497. In the motion and during the proceedings, counsel argued that the alleged prior strikes were committed when Sims was a juvenile, and that he suffers from childhood trauma, mental illness, and addiction issues. He also cited case law and scientific studies discussing adolescent brain development and recognizing fundamental differences between juveniles and adults. He also argued that the current offenses were not serious or violent felonies.

The People filed an opposition that detailed Sims's criminal record. The People argued Sims's criminal history demonstrated Sims was precisely the type of career criminal for whom the three strikes law was enacted; when Sims did get released from custody, he reoffended, and many of these re-offenses consisted of being a felon in possession of a firearm; and that although Sims was a juvenile when he committed his prior strike offenses, he has continued to reoffend long after reaching adulthood with no signs of slowing down or stopping.[3]

The trial court subsequently denied the motion. In its ruling, the trial court took into consideration evidence presented by defense counsel regarding the current neuroscience research in relation to juveniles and juvenile offenders. However, the trial

---

[2]     Undesignated statutory references are to the Penal Code.

[3]     At the time of the proceedings, Sims was 47 years old.

court stated it was still required to complete an analysis under *Romero* regarding current offenses, Sims's background, character and prospects, and whether he fell outside the spirit of the three strikes law. After taking all these factors into consideration, the trial court found Sims's significant criminal history demonstrated he was unwilling or unable to curb his criminal behavior and thus fell "squarely" within the "spirit" of the three strikes law.

The case proceeded to a jury trial for the current offenses, wherein Sims was found guilty of all charges, including being a felon in possession of a firearm while on probation, which is considered a serious felony within the meaning of the three strikes law.[4] (See *People v. White* (2014) 223 Cal.App.4th 512, 524-525; *People v. White* (2016) 243 Cal.App.4th 1354, 1364.) Following Sims's conviction, the case proceeded to a bench trial at which the trial judge found the prior strikes and four circumstances in aggravation to be true beyond a reasonable doubt. Sims was then sentenced to 25 years to life.

## DISCUSSION

On appeal, Sims argues the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strikes; therefore, the case should be remanded for resentencing. The People argue that the trial court properly considered the *Romero* factors, the denial was not irrational or arbitrary, and the judgment should be affirmed. We agree with the People.

### I

### Relevant Law and Standard of Review

A trial court's authority to strike a prior serious or violent felony conviction that comes under the three strikes law arises from section 1385, subdivision (a). (*Romero,*

---

[4] The facts underlying the current felony conviction are not relevant to the resolution of this case and therefore are omitted from the discussion.

*supra*, 13 Cal.4th at pp. 529-530.)  In considering whether to strike a prior strike conviction, the dismissal must be in the "furtherance of justice," and the trial court must "balance society's legitimate interest in imposing longer sentences for repeat offenders and the defendant's constitutional right against disproportionate punishment." (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105.)  "It must also consider the nature of the defendant's present felonies and prior strike convictions, as well as his background, character and prospects." (*Ibid*.; see also *Romero*, at p. 531; *People v. Williams* (1998) 17 Cal.4th 148, 161.)  " 'Under our statutory framework, judges are not empowered to fashion any sentence they choose.  The Legislature has created a sentencing structure within which every court must operate. . . .  A court may not simply substitute its own opinion of what would be a better policy, or a more appropriately calibrated system of punishment, in place of that articulated by the People from whom the court's authority flows.' "  (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 389, italics omitted.)

A court's failure to dismiss or strike a prior conviction is subject to review under the deferential abuse of discretion standard.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)  "A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)  A trial court only abuses its discretion in failing to strike a prior felony conviction in limited circumstances. (*Id*. at p. 378.)

II

Analysis

In his brief, Sims argues he falls outside the spirit of the three strikes law and should be sentenced accordingly.  To support this argument, Sims emphasizes that the *Romero* factors must be considered as a whole and that no one part should be given extra consideration.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981-982 ["any exercise of that authority must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration;

4

and the record must so reflect," and "the entire picture must remain exposed"].)  In doing so, Sims compares his case to another, *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1248, in which the trial court dismissed two of the defendant's strikes, stating that the strikes were remote and the nature of the current offense was nonviolent.  Sims argues the trial court should have dismissed his prior strikes based on what he believes are comparable facts, including the remoteness of his prior strike convictions.  However, determining whether to dismiss a prior strike conviction involves a fact-intensive inquiry specific to each individual case.  As another court has recognized, albeit in another context, "other cases are of limited relevance because each case necessarily depends upon its own facts."  (*People v. Chambers* (1982) 136 Cal.App.3d 444, 455.)

Furthermore, the remoteness of prior strike convictions is persuasive only when the record shows efforts at mitigation by a defendant and where the defendant does not have a lengthy criminal record, which is not the case here.  (See *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)  As the *Humphrey* court noted, "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on.  To be sure, a prior conviction may be stricken if it is remote in time.  In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.]  The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways.  Where, as here, the defendant has led a continuous life of crime after the prior, there has been no 'washing out' and there is simply nothing mitigating about a 20-year-old prior." (*Ibid*.)  So, too, in this case.  Here, the trial court considered the remoteness of the prior strikes in its decision; however, combined with the other *Romero* factors, the court declined to dismiss them.  Sims has continued to reoffend continuously over the past 30 years since his prior strikes.  The only significant breaks in his criminal record are when he was in prison serving time for his convictions.  There has been no "washing out" and nothing resembling mitigation.  He has not been crime free since the

5

prior strikes and has rejected all opportunities to rehabilitate by reoffending. Therefore, we do not find the argument that the prior strikes are remote persuasive.

In addition, Sims relies on scientific research of adolescent brain development that includes impulsive decisionmaking and susceptibility to peer pressure in arguing that adolescent offenders like Sims are less culpable than adult offenders. He also points to recent California legislation that has extended the youthful offender age from 18 to 25, as the Legislature's acknowledgement that the brain does not fully develop and reach maturity until a person is in their mid-20's. Sims contends that his youth and " 'profound mental health issues' " contributed to his diminished culpability and, in light of these circumstances—coupled with the fact that he has suffered childhood trauma, the current offenses are not violent or serious, and he is capable of rehabilitation—the trial court should have dismissed his prior strikes.

The People argue there is no indication that the trial court failed to consider any relevant information and it made the required assessments in deciding to deny the motion to dismiss the prior strikes. We agree. In its ruling, the trial court correctly stated it "must consider whether in light of the nature and circumstances of the present felonies (herein minimal) and prior serious and/or violent felony convictions, together with the particulars of his background, character and prospects, should this defendant be deemed to be outside the three strikes law's spirit either in whole or in part." (See *People v. Williams, supra*, 17 Cal.4th at p. 161.) The court then proceeded to discuss the application of each of the *Romero* factors to this case.

The trial court found that the nature and circumstances of the present felonies were "minimal"; Sims was charged with being a felon in possession of a firearm, felon in possession of ammunition, and providing false information to a police officer. The trial court then discussed Sims's prior criminal history and found that it was significant. In addition to the four prior strikes from when he was a juvenile, Sims was convicted in 2009 of being a felon in possession of a firearm, which led him to being sentenced to

6

state prison. He was arrested again in 2015 for possession of controlled substances, which led to another state prison sentence. In between these prison sentences, Sims had a string of other offenses. The trial court determined Sims had a "history of continuing criminality" and the record was "significant in the nature of the offenses and extent of criminal conduct." The trial court also stated that Sims's record suggested that he was unable or unwilling to participate in any rehabilitation programs or treatments that might help limit his criminal behavior. The trial court further stated in its ruling that it was vital to note that Sims's new offenses were committed within weeks after Sims was granted a drug treatment program under Proposition 36: "As such there is no greater evidence of his prospects not to be successful and his unwillingness to abide by societal requirements. He continues to disregard the rules of society, he manifests a willingness to victimize others and failure to abide by reasonable rules of the court." Taking all these factors into consideration, the trial court did not find the argument of a juvenile brain disorder when Sims committed his initial strikes persuasive, especially considering all of Sims's recent offenses, the length of his criminal record, and his continued violations even when given the opportunity to rehabilitate. Therefore, the trial court denied the motion.

Here, the trial court appropriately analyzed the factors and concluded that Sims fell within the spirit of the three strikes law and denied his *Romero* motion accordingly. The question before this court is whether a reasonable person would disagree with the trial court's decision. Even though the trial court found the current offenses minimal, Sims's criminal record is extensive, with minimal efforts at mitigation and no signs of remorse for his actions. All attempts at rehabilitation have failed, and the only time Sims is not in violation of the law is when he has been incarcerated. Based on Sims's criminal history, background, character, and future prospects, we do not find that Sims has proven the decision was irrational or arbitrary to the point where no reasonable person could agree. Based on the record, we conclude there was no abuse of discretion.

DISPOSITION

The judgment is affirmed.

    /s/               
_____
EARL, P. J.

We concur:


    /s/            
_____
KRAUSE, J.


    /s/            
_____
WISEMAN, J.*

---

\*    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.